UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Richard P. Matsch



Civil Action No. 03-cv-01997-RPM
(Criminal Case No. 00-cr-00520-RPM)

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.

BRYAN AVERY HOWE,

        Defendant/Movant.

---

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

---

On May 11, 2001, Bryan Avery Howe was sentenced to 55 months imprisonment for armed bank robbery and 7 years consecutively for using and brandishing a firearm during a crime of violence. Those sentences were imposed pursuant to the jury's verdict of guilty on those counts, returned on the third day of trial, February 14, 2001. The Court submitted the case to the jury for deliberation at 11:08 a.m. on that day. The defendant was represented by Assistant Federal Public Defender Susan Cushman at the trial and on appeal to the Tenth Circuit Court of Appeals. The appellate court affirmed the conviction and sentence by order and judgment on June 7, 2002.

The issues decided on appeal were the defendant's contention that the Court improperly undercut the presumption of innocence by *sua sponte* comments to the jury after the testimony of a co-defendant witness and that the prosecution failed to prove that the victim bank was insured by the Federal Deposit Insurance Corporation.

On October 7, 2003, Bryan A. Howe filed a motion to vacate, set aside or correct

the sentence under 28 U.S.C. § 2255, asserting that his appointed attorney gave inadequate representation of him in violation of his right to counsel under the Sixth Amendment to the United States Constitution. He claims that his lawyer refused to call him as a witness despite his request to testify. That claim has no merit because the transcript of the trial reflects that in the afternoon of February 13, 2001, in the absence of the jury, the Court specifically addressed the defendant with respect to his right to testify in the following colloquy:

> THE COURT: Mr. Howe, I just want to emphasize that the law does permit you to testify if you choose to do so. And, of course, that testimony would be the same as any other witness and subject to cross-examination. And, the decision as to whether you testify is your decision to make. You may seek the advice of your attorney, of course, but in the final decision, it's yours. Do you understand?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And, is it your decision that you do not wish to testify?
>
> THE DEFENDANT: Yeah, sir.
> (Trial transcript, Day 2, page 147, line 23, through page 148, line 8.)

Additionally, Mr. Howe has failed to advise the Court of what testimony he would have given which would have an effect on the outcome of the trial.

The defendant also asserts ineffective assistance of counsel for her failure to object to the failure to have him present during a re-reading of a jury instruction and the response to written communications with the jury, which the Court, with consent of both counsel, answered in writing. Those two written questions were: "Would it be possible to get a list of the sequence of events?" and "Can we have a listing of all witnesses named?"

The Court answered both questions in the negative.

The defendant also urges constitutional error in the Court's re-reading of one of the jury instructions concerning the duty to deliberate, given at 4:32 p.m., with the jury retiring at 4:37 p.m. and with the verdict returned at 5:05 p.m. As the Government observed in its answer to the motion, there is nothing to suggest that repeating an instruction given in the defendant's presence at the jury instructions at the conclusion of the trial could work prejudice against the defendant in the jury's deliberations. The evidence before the jury, including the testimony of the two co-defendants, who had pleaded guilty, the observations of witnesses at the scene of the robbery and the physical evidence, including red stains from an exploding dye pack on the currency taken and the vehicle in which the defendant was riding strongly supported the jury's verdicts.

Mr. Howe has failed to show that his counsel was ineffective and that he was prejudiced by her conduct. Mr. Howe has recognized both in his motion and in his traverse that this matter is governed by *Strickland v. Washington*, 466 U.S. 668 (1984) but he has failed to show support to meet that standard. Accordingly, it is

ORDERED that the defendant's motion under 28 U.S.C. § 2255 is denied.

DATED: May 23rd, 2006

BY THE COURT:

Richard P. Matsch, Judge

3

## CERTIFICATE OF SERVICE

Re: Case No. 03-cv-01997-RPM and 00-cr-00520-RPM

    The undersigned certifies that a copy of the foregoing Order was served on May 22, 2006, by depositing the same in the United States Mail, postage prepaid, addressed to:

Bryan A. Howe
Reg. No. 30166-013
Federal Correctional Institution
P. O. Box 6000
Florence, CO 81226-6000

GREGORY C. LANGHAM, Clerk

_____
Deputy